## Hornak v. Kennedy

*Richard A. McConnel,* for plaintiff.
*Morgan M. Sohn,* for defendant.

WILSON, J., January 22, 1938.—The matter to be considered in the above-entitled fieri facias is the amount, if any, of the sheriff's commission or poundage, which question was raised by petition and answer, in the nature of a case stated, and which was before the court in banc upon argument on January 14, 1938.

The fieri facias at no. 58, June term, 1937, in which Paul Hornak was the use-plaintiff, and Margaret Dam-

bach was the defendant, issued on judgment at no. 301, September term, 1936, which was a first lien against the property levied upon. After levy, advertisement, etc., defendant executed and delivered to the use-plaintiff a deed for the property about to be sold in execution, whereupon the use-plaintiff stayed the writ and satisfied the judgment. The debt to be made, as set forth in the fieri facias, was $7,000. After staying the writ, the use-plaintiff tendered the sheriff his costs, who refused to accept such tender and return the writ unless poundage in the sum of $50, or full commission on the $7,000 debt, was first paid. The question then is, under the circumstances is the sheriff entitled to poundage, and if so on what sum is it to be calculated?

As used in the statutes the word "commission" is synonymous with the legal term "poundage". Bouvier's Legal Dictionary defines "poundage" as: "The amount allowed to the sheriff, or other officer, for commissions on the money made by virtue of an execution." In the Century Dictionary & Cyclopedia, we find that poundage is

"In *law*, an allowance to a sheriff or similar officer, computed by a percentage on the value of property seized by him or the amount of the judgment or process satisfied, as a compensation for his service.

"*Poundage* also signifies a fee paid to an officer of a court for his services, e.g. to a sheriff's officer, who is entitled by 28 Eliz. c. 4 to a *poundage* of a shilling in the pound on an execution up to £100, and sixpence in the pound above that sum. *Encyc. Brit.*, XXIII, 443."

The term "poundage" is derived from the English pound sterling, and therefore relates to a percentage computed on a sum of money, and ordinarily was a percentage of only such money as was paid to and distributed by the sheriff; if he received no money he received no poundage.

Sheriff's fees are fixed and controlled by acts of assembly, the pertinent portions of which are as follows:

"In addition, the sheriff shall charge and receive, as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser; provided, that the amount of same does not exceed one thousand dollars, in which case one-half cent (½c.) on every dollar in excess of this amount shall be charged in addition": Section 1(*b*), Act of June 1, 1933, P. L. 1141.

"(*e*) For the settlement or staying by the sheriff of any writ embraced in any section of this act, relating to either lands and tenements or personal property, the execution of the same not being concluded, the sheriff shall receive the same fees for receiving, docketing, and returning, levying and advertising, with mileage and such commission as would be chargeable if sale had been made upon said writ for the amount paid to settle or stay the same, whether such sum be paid to him or to the plaintiff, or a compromise be made between plaintiff and defendant for the future payment of any sum to satisfy the same": Section 1(*e*), Act of 1933, supra.

These two portions of the Act of 1933 supplied and supplanted that portion of the Act of July 11, 1901, P. L. 663, sec. 1, which reads as follows:

"For paying out money made or received on any writ, process, decree, order or sentence of court, two cents on every dollar awarded and applied, or paid, on any judgment, mortgage, encumbrance or other claim, provided that the amount of same does not exceed five hundred dollars; in which case, one-half cent on every dollar in excess of this amount awarded and applied, or paid, as aforesaid; said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands."

As to collection of fees and costs of the sheriff, section 3 of said Act of 1933 provides as follows:

"Any sheriff, without obtaining any extension of time for the return of any civil writ, notice, decree, order or process, may refuse to make return thereof until he shall receive all unpaid fees, commissions, mileage, expenses and legal costs, relating thereto, from the party for whose benefit the same was granted or issued, unless his charges are to be paid by the Commonwealth or any county thereof, or he is ruled to make a return. In case he does not receive his charges in advance or upon demand, he may file with his return in any proceeding an itemized list of unpaid fees, commissions, mileage, costs and expenses respecting the service to which such return relates, and, if no exceptions are filed to the same within thirty days from the time of making such return, the items included in such list shall be considered taxed and confirmed as fees, commissions, mileage and costs due such sheriff, and become a judgment in law; and the said sheriff may issue an execution for the amount so taxed, and collect the same from any party chargeable therewith without further suit, and shall not be disqualified to enforce such execution by reason of his interest therein: Provided, That such taxation may be reviewed and execution controlled by any court having jurisdiction if sufficient cause be shown by any person aggrieved."

This portion of the Act of 1933 is a substantial reënactment of portions of the Act of 1901, supra, and of the Act of April 9, 1915, P. L. 54.

Section 7 of the Act of 1933, supra, provides as follows:

"This act is intended as an entire and complete fee bill for sheriffs in all counties of this Commonwealth; and any and all other acts, general, special or local, or any parts thereof, that are inconsistent herewith are hereby repealed, without intending to revive any acts of parts of acts repealed thereby."

The Act of 1933 did not repeal the Act of April 20, 1846, P. L. 411, sec. 1, which is still in force, and which reads as follows:

"That from and after the passage of this act, whenever the purchaser or purchasers of real estate, at orphans' court or sheriff's sale, shall appear from the proper record to be entitled, as a lien creditor, to receive the whole, or any portion of the proceeds of said sale, it shall be the duty of the sheriff, administrator, executor, or other person making such sale, to receive the receipt of such purchaser or purchasers, for the amount which he or they would appear, from the record as aforesaid, to be entitled to receive: *Provided*, That this section shall not be so construed as to prevent the right of said sheriff, administrator, executor, or other person aforesaid, to demand and receive, at the time of sale, a sum sufficient to cover all legal costs entitled to be paid out of the proceeds of said sale: *And provided further*, That before any purchaser or purchasers shall receive the benefit of this section, he or they shall produce to the sheriff, or other person so making said sale, a duly certified statement from the proper records, under the hand and official seal of the proper officer, showing that he is a lien creditor, entitled to receive any part of the proceeds of sale, as aforesaid."

Although the Act of June 12, 1878, P. L. 187, was declared unconstitutional in Morrison v. Bachert, 112 Pa. 322, the provision as to sheriff's commission or poundage was virtually a reënactment of such provision in the Act of April 2, 1868, P. L. 3, and we quote such provision in each of said acts in order, as far as convenient, to have before us all of such provisions as have been concurrently operative with the Act of 1846, supra:

"Receiving and paying money to plaintiff or his attorney, recovered upon any process, decree or order of court, for every dollar not exceeding five hundred, in addition to fee for executing writ, one cent, and for every dollar exceeding five hundred, one-half cent: *Provided*, That his commission in no case shall exceed the sum of one hundred dollars.

"The same commission to be allowed where money is paid to plaintiff or sheriff with or without sale; if paid

without sale, no commission shall be allowed on more than is paid over to creditor": Act of 1878, supra.

"Receiving and paying money to plaintiff, or his attorney, recovered upon any process, decree, or order of court, for every dollar not exceeding five hundred, in addition to fee for executing writ, two cents.

"For every dollar above five hundred, one-half cent.

"Same commission to be allowed where money is paid with or without sale; if paid without sale no commission shall be allowed for more than is paid over to creditor": Act of 1868, supra.

It is to be noted that the Acts of 1901, 1878, and 1868, supra, all allowed the sheriff a commission on money paid with or without sale, either to the sheriff or directly to plaintiff, or where compromise was made without money going through the sheriff's hands. But the Act of 1846, supra, as construed by the courts, provided for even consummated sales upon which no commission was allowed. By the terms of said Act of 1846, purchasers of land at sheriffs' sales who were lien creditors and entitled to participate in the distribution could file receipts and certificates with the sheriff, and relieve themselves of payment of poundage to the sheriff on their distributive share. Upon such sum, payment of which has been canceled by receipt and certificate, the sheriff is entitled to no commission: Nolan v. Wittenmyer et ux., 18 D. & C. 734; Nicer v. Davis, Sheriff, 17 D. & C. 16; Alma B. & L. Assn., to use, v. Kramer et al., 17 D. & C. 59; Dickson's Estate, for use, v. Lee, Exec., et al., 24 Dist. R. 375; Zietz v. Schembs, 35 Montg. 16.

We can find nothing in the Act of 1933 to amend or alter the interpretation of the Act of 1846. In fact the terms of the Act of 1933 strengthen the conclusion we are about to reach. In section 1(e) of said Act of 1933 is the following: " . . . and such commission as would be chargeable *if sale had been made upon said writ* for the amount paid to settle or stay the same". (italics supplied.) The fieri facias under consideration issued on the first

lien. If sale had been made, plaintiff could have bid in the property levied upon, filed his receipt and certificate, and been relieved of the payment of poundage. That plaintiff accepted a deed from defendant and stayed the writ cannot penalize him with the payment of poundage. If the sheriff could not have collected a commission on a consummated sale to plaintiff, there is no reason in law or equity for the allowance of a commission upon the staying of the execution regardless of what consideration may have induced the abandonment of the writ by the plaintiff. We are therefore deciding that where a plaintiff in an execution is in position to proceed under and claim the benefits of the Act of 1846, supra, he may stay the writ without payment of commission or poundage to the sheriff.

The question is not before us, and we are not deciding it, but we lean decidedly toward the belief that any plaintiff, at any time, and for any consideration of property, money, or mercy, may stay an execution without obligation of poundage. This seems to have been the practice for many years, and was so held by the courts under some of the earlier acts. This position is consistent with the Act of 1846, leads to certainty, and encourages compromise and settlement. Otherwise leniency is penalized, while a premium is placed on falsehood and deceit. The rule we are advocating would cause little or no reduction in the receipts of the sheriff's office, as few executions issue wherein plaintiff does not come within the Act of 1846. If a plaintiff does not come within the provisions of the Act of 1846, then the giving of a deed in adjustment can rarely avail by reason of intervening liens, etc. Besides, why approve a practice of poundage that can be defeated by a plaintiff standing mute? Or the use of something other than the truth?

As to the return of writs of execution, and the collection of costs thereon by the sheriffs, procedure is provided by the Act of 1933. We are not deciding that this procedure is exclusive or mandatory. As to the writ under consideration, upon payment by plaintiff to the sheriff

of such costs as are legally taxable under the opinion, the sheriff will return said writ according to law.

### Order

And now, January 22, 1938, for the reasons set forth in the foregoing opinion, it is ordered and directed that upon payment by Paul Hornak, plaintiff, to William V. Kennedy, sheriff, of costs as taxed and charged, saving and excepting commission or poundage, the said sheriff shall make return of the writ of fieri facias at no. 58, June term, 1937, according to and as required by law.